J-S43003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON SMITH | : | |
| | : | |
| Appellant | : | No. 1518 WDA 2019 |

Appeal from the PCRA Order Entered March 26, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001619-2014

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                     FILED JANUARY 08, 2021

Appellant, Davon Smith, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, following an evidentiary hearing.   In addition, counsel has filed a petition seeking to withdraw.   We grant counsel's petition to withdraw and affirm the order of the PCRA court.

In Appellant's direct appeal, this Court summarized the facts of the case and procedural history, as follows:

> Patrolman William T. Hanelly, Jr. testified that on June 7, 2014[,] he responded to a call [during] which he met Adamec Stevens and John McConnell.   Adamec Stevens identified himself as the victim.   He had blood coming out of his mouth and bruises on his face.   He was being treated by emergency medical providers.   Mr. Stevens indicated that a man named "Flip" had assaulted him.   Patrolman Hanelly identified [Appellant] as "Flip."

Adamec Stevens testified that on June 7, 2014[,] he was at the Monkey Wharf bar in Altoona. He glanced up at a camera in the bar and saw a dispute going on outside. Someone ran into the bar asking for help. Mr. Stevens testified that "Flip" and his girlfriend were involved in the dispute. Mr. Stevens went outside to try to help break up the dispute. The individual Mr. Stevens knew as "Flip" left and returned a short time later and began hitting Mr. Stevens. Mr. Stevens testified he felt that his assailant was hitting him with something harder than just his fists.

Mr. Stevens further testified that after the assault "Flip," later identified as [Appellant], asked him to tell the [d]istrict attorney that he had pulled a knife on him at the time of the assault. He asked Mr. Stevens for his cell phone number[,] and Mr. Stevens gave him a made up number. After that, several acquaintances approached Mr. Stevens and told him that "Flip" knew it was a fake number and he "was done for."

Patrolman Ryan Caputo obtained video surveillance from the Monkey Wharf bar that showed the incident. The video shows Mr. Stevens attempting to mediate an altercation between a female named Whitney and [Appellant]. [Appellant] leaves the area for approximately two and a half minutes. He then returns and punches the victim twice before the victim falls into a white car and then to the ground. [Appellant] continues to punch Mr. Stevens while he is on the ground and kicks him in the head.

[Appellant] described the activities shown on the surveillance video. He indicated that Mr. Stevens challenged him while they were outside so he went back into the bar. He testified that his wife's friend came in and told him to come back outside because Mr. Stevens' friend was arguing with [Appellant's] wife. [Appellant] testified that he went back outside and called a cab. From where he was standing he could see Mr. Stevens touch his wife. [Appellant] testified that he thought Mr. Stevens had a knife and [Appellant] had just been stabbed so he was a little more aggressive than he would have been otherwise.

Trial Court Opinion, 1/13/2016, at 2–6.

[Appellant] was charged with one count of aggravated assault[1], one count of simple assault[2] and one count of harassment.[3] On August 6, 2015, a jury found [Appellant] guilty of all three counts. The Honorable Elizabeth A. Doyle sentenced [Appellant] to 10 to 20 years' incarceration for count 1 and merged counts 2 and 3 into count 1 for purposes of sentencing. [Appellant] filed a motion to reconsider his sentence on September 22, 2015, and Judge Doyle denied his post-sentence motion on September 28, 2015. [Appellant] then filed a timely notice of appeal on October 28, 2015. On October 29, 2015, the trial court directed [Appellant] to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Judge Doyle filed her Rule 1925(a) opinion on January 13, 2016.

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 2709(a)(1).

Commonwealth v. Smith, 159 A.3d 996, 1717 WDA 2015 (Pa. Super. filed December 6, 2016) (unpublished memorandum at *1). This Court affirmed the judgment of sentence; Appellant did not file a petition for allowance of appeal. Id.

Appellant filed a pro se PCRA petition on May 1, 2017, and counsel was appointed. At a May 18, 2018 hearing, the PCRA court determined that new counsel should be appointed, N.T., 5/18/18, at 18, and did so on October 16, 2018. Order, 10/16/18. The PCRA court held a hearing on the PCRA petition on January 14, 2019, where Appellant and Appellant's trial counsel, Tyler Rowles, Esquire, testified. The PCRA court "denied and dismissed" Appellant's PCRA petition on March 26, 2019. On September 9, 2019, the PCRA court

reinstated Appellant's appellate rights. Order, 9/9/19. Counsel filed this appeal nunc pro tunc on October 4, 2019.

The PCRA court ordered the filing of a statement pursuant to Pa.R.A.P. 1925. Order, 10/8/19. In response to the Rule 1925 order, Appellant's counsel filed a notice of intent to withdraw.[1] Thereafter, in this Court, counsel filed a petition to withdraw as counsel and a purported Turner/Finley[2] brief.[3] We will refer to counsel's erroneously titled Anders brief as a Turner/Finley No-merit Letter ("No-merit Letter"). Moreover, we note that the PCRA court has referred this Court to its Opinion and Order Disposing of [Appellant's] Petition Pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA Opinion") filed March 26, 2019, in lieu of a Pa.R.A.P. 1925(a) Opinion.

---

[1] Appellant's Pa.R.A.P. 1925 statement indicated, "Pursuant to Pa.R.A.P. 1925(c)(4)," counsel filed "Intent to File an Anders/McClendon brief" with the Superior Court. Concise Statement, 10/29/19, at 1. Pa.R.A.P. 1925(c)(4) states, "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an Anders/Santiago brief in lieu of filing a Statement."

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] Counsel erroneously purports to withdraw under Anders v. California, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of Finley and Turner are applicable. Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under Anders, but under Turner and Finley). Because an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief in lieu of a Turner/Finley "no merit" letter. Commonwealth v. Reed, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

Prior to addressing Appellant's claims on appeal, we must address counsel's petition to withdraw as counsel. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under Turner, supra and Finley, supra and ... must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

> \* \* \*

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of Turner/Finley, the [court in which the application was filed, meaning the trial court or the appellate court ] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Commonwealth v. Doty, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel described the extent of his review, evaluated the issues, and concluded that the appeal is frivolous. Counsel has also listed issues relevant to this appeal and explained why, in his opinion, the issues are without merit. In addition, counsel has included a letter sent to Appellant containing a copy of his petition to withdraw and a statement advising

Appellant of his right to proceed pro se or through privately-retained counsel. Thus, we conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel. See Commonwealth v. Karanicolas, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the Turner/Finley criteria). We now independently review Appellant's claims to ascertain whether they entitle him to relief.[4]

Counsel identifies the following issue in the No-merit Letter: "I. WHETHER COUNSEL SHOULD BE PERMITTED TO WITHDRAW AS A REVIEW OF THE RECORD SHOWS NO NON–FRIVOLOUS ISSUES?" No-merit Letter at 7. In the body of the No-merit Letter, counsel further defined the issues that Appellant addressed at the PCRA Hearing, which are discussed infra.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

_____

[4] We note that Appellant has not filed either a pro se brief or retained alternate counsel for this appeal. Appellant did file, on October 26, 2020, an Application for Relief in which he asserted that the brief counsel submitted on appeal did not "reflect or mirror" the issues argued at the January 14, 2019 PCRA hearing. Application for Relief, 10/26/20, at 1. Appellant assails the fact that counsel presented only seven of the twelve issues Appellant asserted when he amended his PCRA petition at the aforementioned May 18, 2018 PCRA hearing. Id. However, review of the May 18, 2018 hearing indicates that Appellant told the PCRA court that he "only want[ed] to pursue approximately 7 out of the 12 issues. That's all I'm actually here to present today is argument for only 7 out of the 12." N.T., 5/18/18, at 8. Because Appellant desired to pursue only seven of the issues, the Application for Relief will be denied.

PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Rykard, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. See 42 Pa.C.S. § 9543 (outlining the eligibility requirements for PCRA relief). Among those requirements are that the issue must not be previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

In the No-merit Letter, counsel further defined the issues that Appellant addressed at the PCRA Hearing, as follows:

> 1. Trial counsel [was] ineffective because jury instruction "Defense of Another" was not given;
>
> 2. Trial counsel was ineffective in not raising a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2nd 215 (1963). District Attorney Peter Weeks stated during trial that it

- 7 -

was alleged by the victim, Adamec Stevens, that the Appellant bought cocaine through a Michael Sutton. Had [Appellant] known this; he would have called Michael Sutton to prove this was a lie.

3. Trial counsel was ineffective for not objecting to an invalid verdict slip—simple assault with serious bodily injury was on the verdict slip; and there is no such thing as simple assault with serious bodily injury.

4. Trial counsel failed to object to improper statement made by prosecution during closing arguments.

5. Trial counsel was ineffective for failing to object to speculation/lay opinion testimony by Officer Ryan Caputo.

6. Trial [c]ounsel was ineffective for failing to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on the issue of the invalid verdict slip named in issue 3 above.

7. Trial counsel was ineffective for failing to object to Dr. Bouchard's testimony when it was all hearsay of other doctor's findings.

8. Trial counsel was ineffective because the victim's broken jaw causing his mouth to be wired shut, did not amount to serious bodily injury.

No-merit Letter at 16.

All of these claims assert trial counsel's ineffectiveness. To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Treiber, 121 A.3d 435, 445 (Pa. 2015). A claim of ineffectiveness will be denied if [Appellant's] evidence fails to meet any one of these prongs. Commonwealth v. Martin, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance

of counsel. Commonwealth v. Montalvo, 114 A.3d 401, 410 (Pa. 2015). Moreover, we have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Loner, 836 A.2d 125, 132 (Pa. Super. 2003) (en banc).

With regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting Commonwealth v. Miller, 431 A.2d 233 (Pa. 1981)). "The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. . . . The balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987).

As to the third prong, prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. Pierce, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. Commonwealth v. Baker, 880 A.2d 654, 656 (Pa. Super. 2005).

Finally, it is presumed that the petitioner's counsel was effective unless the petitioner proves otherwise. Commonwealth v. Williams, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. Commonwealth v. Battle, 883 A.2d 641, 648 (Pa. Super. 2005) (citing Commonwealth v. Abu-Jamal, 720 A.2d 79 (Pa. 1998)).

Appellant first contends trial counsel was ineffective because he did not seek the jury instruction, "Defense of Another." No-merit Letter at 17. In Appellant's appeal from the judgment of sentence, we determined that "[t]he evidence presented did not support a jury instruction on the use of deadly force in defense of others . . . ." Smith, 1717 WDA 2015 (unpublished memorandum at 8). Because the issue was previously litigated, Appellant is not eligible for relief under the PCRA. 42 Pa.C.S. § 9543(a)(3); See Commonwealth v. Fears, 86 A.3d 795, 809 (Pa. 2014) (PCRA claim fails if it was previously litigated, and counsel cannot be ineffective for failing to litigate same claim addressed on appeal).

Next, Appellant asserts trial counsel was ineffective for failing to raise a Brady issue.[5] Appellant asserts that the prosecutor stated during trial that

_____

[5] Our Supreme Court has explained:

Under Brady, "a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature."

- 10 -

Adamec Stevens (also referred to as "the Victim"), stated that Appellant bought cocaine through Michael Sutton. Appellant contends that if he had known this, he would have called Michael Sutton to prove this was a lie. The PCRA court stated:

> The [c]ourt finds that [Appellant] has failed to articulate a cognizable allegation within his testimony, and was not able to clarify this issue through [trial counsel]. This claim must be denied for failure to articulate a claim of ineffectiveness with the requisite specificity mandated by the Post-Conviction Relief Act. In the alternative, a review of the trial transcript clarifies that the information relative to drug trafficking between [Appellant], the victim, and Michael Sutton did not come to light until [Appellant] alerted the [c]ourt and Commonwealth that he had changed his mind and was going to testify, and specifically that he was going to testify that the victim owed [Appellant] a drug debt prior to the assault. It was only after this disclosure that the Commonwealth approached the victim. The information provided by the victim, which would have been previously irrelevant and inadmissible during trial, was then immediately conveyed to the defense.
>
> [Appellant] has failed to advance any showing that [trial counsel] acted without a reasonable trial strategy where [Appellant] changed his mind relative to testifying and then told the jury the victim owed him money for fronted cocaine.

_____

Commonwealth v. Spotz 610 Pa. 17, 18 A.3d 244, 275–276 (Pa.2011) (citation omitted). To establish a Brady violation, [an] appellant must demonstrate: the evidence at issue was favorable to him, because it was either exculpatory or could have been used for impeachment; the prosecution either willfully or inadvertently suppressed the evidence; and prejudice ensued. Id. at 276 (citation omitted). "The evidence at issue must have been 'material evidence that deprived the defendant of a fair trial.'…'Favorable evidence is material…if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Id. (citations omitted).

Commonwealth v. Champney, 65 A.3d 386, 397 (Pa. 2013).

- 11 -

PCRA Opinion, 3/26/19, at 6–7.

Our review of the record does not support a Brady violation. Rather, Appellant sought to question the Victim about their prior relationship after the Victim testified that he did not know Appellant. N.T., 8/5/15, at 82. According to Appellant, there was "bad blood" between Appellant and the Victim over a drug deal involving Michael Sutton. Id. at 183. The Commonwealth revealed that it had instructed the Victim not to mention any drug-dealing by Appellant. Id. at 186–188. If the root of Appellant's issue is actually that he should have been able to question the Victim about the prior drug transaction in order to show that the Victim intended to fight Appellant over the incident with Michael Sutton, Id. at 192, that decision was not the result of a Brady violation; it was a reasonable trial strategy to prevent the jury from knowing that Appellant was a drug dealer. N.T.(PCRA), 1/14/19, at 44. This issue lacks merit.

Next, Appellant asserts that trial counsel was ineffective for failing to challenge the verdict slip because it stated "simple assault with serious bodily injury." No-merit Letter at 17. As determined by the PCRA court, "A review of the verdict slip demonstrates that [Appellant] has inaccurately recited the language pertaining to simple assault. The verdict slip, entered as "Exhibit 1" during the PCRA hearing, speaks for itself, and clearly indicates that the simple assault count referenced bodily injury as opposed to serious bodily injury."

PCRA Court Opinion, 3/26/19, at 8. Our review of the record confirms this conclusion. Verdict Slip, Docket Entry 18. This issue lacks arguable merit.

Appellant next contends that trial counsel was ineffective for failing to object to allegedly improper statements made by the Commonwealth during closing arguments. No-merit Letter at 18. At the PCRA hearing, Appellant testified: "During the closing argument, the prosecution was misrepresenting evidence and things . . . and she was saying things like human beings and Americans, we should try to help other people; we shouldn't blame somebody for trying to step in and be a good person and stop a fight from happening." N.T. (PCRA), 1/14/19, at 14. Appellant opined, "[M]e personally, I just think that that was very unprofessional and improper." Id.

"Prosecutorial misconduct does not take place unless the 'unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward [Appellant], thus impeding their ability to weigh the evidence objectively and render a true verdict.'" Commonwealth v. Holley, 945 A.2d 241, 250 (Pa. Super. 2008) (quoting Commonwealth v. Paddy, 800 A.2d 294, 316 (Pa. 2002)). "In reviewing a claim of improper prosecutorial comment, our standard of review is whether the trial court abused its discretion." Commonwealth v. Noel, 53 A.3d 848, 858 (Pa. Super. 2012). When considering such a contention, "our attention is focused on whether [the appellant] was deprived of a fair trial, not a perfect one, because not every inappropriate remark by a prosecutor constitutes

reversible error." Id. at 858 (citing Commonwealth v. Lewis, 39 A.3d 341, 352 (Pa. Super. 2012)). "A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context." Noel, 53 A.3d at 858.

This issue lacks arguable merit. There is nothing improper regarding the Commonwealth's comments. Therefore, there is no merit in the contention that trial counsel was ineffective. Commonwealth v. Chmiel, 889 A.2d 501, 543 (Pa. 2005) ("[T]here was nothing wrong with the prosecutor's remarks[,] and counsel cannot be faulted for failing to pursue a meritless claim."). "[P]rosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." Id. at 544.

Appellant's fifth issue posits that trial counsel was ineffective for failing to object to speculation testimony by Officer Caputo. No-merit Letter at 19. This issue is based upon the officer's testimony regarding a surveillance video of Appellant's assault of the Victim that was played at trial. Initially, we note that Appellant fails to direct us to the place in the record where this occurred. Id. "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." Commonwealth v. Samuel, 102 A.3d 1001, 1005 (Pa. Super. 2014).

Nevertheless, the PCRA court indicated that "the trial court restricted Officer Caputo's testimony to describing what he observed in the video, which was relevant and probative to the issues before the jury." PCRA Court

Opinion, 3/26/19, at 9. Case law establishes that an officer's video narration is relevant "to a jury's understanding of the timing, the actors, and the location of events depicted in the video." Commonwealth v. Cole, 135 A.3d 191, 196 (Pa. Super. 2016); see also Commonwealth v. Palmer, 192 A.3d 85, 100 (Pa. Super. 2018) (detective's narration of video was relevant to jury's understanding of the timing of events shown on the video and location of the shooter when he fired the gun). Furthermore, trial counsel did object at differing points of the narration, and the trial court sustained some of the objections. See, e.g., N.T., 8/5/15, at 108, 134. Ultimately, the trial court instructed the jury:

> Ladies and gentlemen of the jury, you can see the video. You can see people's hands. It's your decision about the posture of the hands, the gesture of the hands. . . .You shouldn't consider speculation or opinion. The hand gestures are what you deem them to be . . . .
>
> * * *
>
> Ladies and gentlemen, again, the video was viewed by you. You can use your common sense and your experience of ordinary life to determine what you think is the gesture or the manner of touching or acting of anybody in the video.

Id. at 108–109, 135. Thus, we conclude that this issue lacks arguable merit.

Appellant's sixth issue maintains that trial counsel was ineffective for failing to seek review of the verdict-slip issue in a petition for allowance of appeal to the Pennsylvania Supreme Court. No-merit Letter at 19. Because the verdict slip was not improper, counsel cannot be ineffective for failing to raise a meritless claim. Fears, 86 A.3d at 819.

Appellant's seventh issue asserts trial counsel's ineffectiveness for failing to object to Dr. Bouchard's testimony. No-merit Letter at 20. In a single sentence, Appellant suggests trial counsel "failed to object to Dr. Bouchard's testimony when it was all hearsay of other[] doctor[s'] findings." Id.

During the trial, the Commonwealth called Dr. Matthew Bouchard, Chairman of the Department of Emergency Medicine at UPMC Altoona, as an expert witness. N.T. (Trial), 8/5/15, at 147. In rejecting this issue, the PCRA court stated as follows:

> [Appellant] specifically contends that said testimony "was all hearsay of other doctor's findings; and Trial counsel was ineffective for failing to consult independent medical advice regarding whether the victim suffered serious bodily injury[.]" [Appellant] contends that Trial counsel was ineffective for not objecting to the hearsay testimony of Dr. Bouchard as much of what he testified to was based on what other medical providers had concluded or recorded. However, Dr. Bouchard was properly noticed as an expert witness and, as such, was permitted to testify to material generated by others.

PCRA Court Opinion, 3/26/19, at 10.

We conclude the issue is waived. Appellant has failed to develop the issue and provide any case law in support of his allegation. It is beyond cavil that where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. Commonwealth v. Woodward, 129 A.3d 480 (Pa. 2015). Even if not waived, we would rely on the PCRA court's evaluation of the issue.

Lastly, Appellant asserts trial counsel was ineffective for failing to argue to the jury that the Victim did not suffer serious bodily injury. No-merit Letter at 20. We rely on the PCRA court's explanation, as follows:

> Aggravated assault requires an attempt to cause serious bodily injury to another, or that a person causes such injury intentionally, knowingly or recklessly under the circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1).
>
> > "Serious bodily injury" is injury creating a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S. § 2301. Suffering a broken jaw and being confined to a liquid diet constitutes impairment of the function of a bodily member. See Commonwealth v. Cassidy, 447 Pa. Super. 192, 200, 668 A.2d 1143, 1146(1995), alloc. denied, 545 Pa. 660, 681 A.2d 176 (1996) (victim's wearing of removable braces on her wrist and back for two months comprised impairment of function of a bodily member).
>
> In this case, [Appellant] ignores the fact that the victim indicated he would need corrective surgery to repair his broken jaw, which would place the victim in a position where his jaw would be wired shut. [Appellant] also ignores Dr. Bouchard's testimony regarding not only the injuries sustained by the victim, but the other serious injuries likely to be sustained when someone inflicts repeated violent strikes to the head and face of another.

PCRA Court Opinion, 3/26/19, at 11. Counsel cannot be ineffective for failing to raise a meritless claim. Fears, 86 A.3d at 819.

For all of these reasons, following our independent review of the record, we conclude there are no meritorious issues upon which Appellant may obtain relief. Having determined that the March 26, 2019 order must be affirmed, we grant counsel's petition to withdraw pursuant to Turner/Finley.

Appellant's October 26, 2020 Application for Relief denied. Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2021